ADAM WANG (Bar No. 201233)
ADAM PEDERSEN (Bar No. 261091)
Law Offices of Adam Wang
12 S. First Street, Suite 708
San Jose, CA  95113
Tel: 408-292-1040
Fax 408-416-0268

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUAN BONIFACIO ULIN,<br><br>   Plaintiff,<br><br>   vs.<br><br>LOVELL'S ANTIQUE GALLERY, ABRAHAM MAGIDISH, and DOES 1-10, inclusive.<br><br>   Defendants. | CASE NO.:   C 09-03160 EDL<br><br>**JOINT STIUPLATION TO PRESERVE THE RIGHT TO DEPOSE WITNESS FOR TRIAL AFTER DISCOVERY CUT-OFF;**<br><br>~~[PROPOSED]~~ **ORDER THEREON**<br>  AS MODIFIED |

The parties, jointly through counsel stipulate as follows:

1. This case is a wage and hour action by the above named Plaintiff against the above-named Defendants for the recovery of unpaid overtime wages, meal period premiums and associated penalties and fees.

2. The parties continue to dispute most aspects of Plaintiff's claims and are in the process of engaging in substantial amount of discovery.

3. Parties have exchanged several rounds of written discovery, and Plaintiff has noticed three depositions, taken two and intends to take at least 3 more.

STIPULATION TO PRESERVE RIGHT TO DEPOSE

-1-

4. Defendant has noticed and will take the deposition of Plaintiff on May 19, 2010.

5. Despite the ongoing dispute, parties are still committed to resolution of this matter without trial.

6. However, parties are aware that the costs of this litigation, including discovery and extensive depositions, may pose a barrier to early and amicable settlement.

7. Plaintiff has one additional witness he would like to depose, a former co-worker EDIBERTO FLORES.

8. This co-worker has valuable information regarding Plaintiff's work hours and pay, as he worked alongside the Plaintiff in the same position and during the claims period.

9. However, this individual is now a resident of the State of New York and is not able to easily return for deposition, and as such any effort to depose will incur a substantial amount of expense.

10. While his testimony is important, given the expensive discovery already planned and engaged in, and in light of parties desire to keep costs down and in order to foster settlement efforts, parties agree that his deposition should be pushed back until a time where it is absolutely necessary.

11. Trial in this action is not set to occur until December of 2010, while the close of discovery is set for the end of June 2010.

12. Therefore, in the interest of saving costs and in aid of settlement, parties hereby stipulate to a modification of the Court's discovery order to allow for the deposition of witness

EDIBERTO FLORES after the fact discovery cut-off at some point before trial, should it be necessary.

LAW OFFICES OF ADAM WANG

Dated:  May 12, 2010         By:     /s/Adam Pedersen_____
                                     ADAM PEDERSEN
                                     Attorney for Plaintiff
                                     JUAN BONIFACIO ULIN


                                     SHELLEY BUCHANNAN, ESQ.

Dated:  May 12, 2010         By:     /s/Shelley Buchannan_____
                                     SHELLEY BUCHANNAN
                                     Attorney for Defendants
                                     ALEA-72 INC., and ABRAHAM MAGIDISH


~~[PROPOSED]~~ ORDER


**GOOD CAUSE APPEARING**, pursuant to the stipulation of the parties, this Court hereby orders that the deposition of the witness EDIBERTO FLORES be allowed to take place after the fact discovery cut-off ~~and before trial~~, but at least one month before November 23, 2010, the date set for the Pre-Trial Conference.

Dated: May 13, 2010                  By: _Elijah D. LaPorte_____
                                         Hon. E. D. LaPorte – US ~~District~~ Judge
                                                              Magistrate

STIPULATION TO PRESERVE RIGHT TO DEPOSE

-3-