**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7                      UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9

10   JUAN BONIFACIO ULIN,

11                 Plaintiff,                      No. C-09-03160 EDL

12        v.                                       **ORDER GRANTING IN PART AND
                                                   DENYING IN PART MOTION TO**
13                                                 **COMPEL; VACATING HEARING**

14   LOVELL'S ANTIQUE GALLERY,
15   et al.,

16                 Defendants.
     _____/
17

18        This is a wage and hour action between Plaintiff Juan Bonefacio Ulin and his former

19   employer Lovell's Antique Gallery and its owner/manager Abraham Magidish.  Plaintiff noticed the

20   deposition of two of Defendants' employees, Rafael Perez and Juan Carlos Hernandez, and the

21   depositions were set for May 11, 2010.  Defendants agreed to produce these individuals pursuant to

22   the notice, and the agreement was confirmed in writing by Defendants' counsel.  See Pederson Decl.

23   ¶ 1, Ex. 1.  On May 11, Mr. Magidish and his counsel appeared for the depositions with Mr.

24   Hernandez, but without Mr. Perez.  Id. ¶ 2.  Based on this non-appearance, Plaintiff moves to

25   compel the deposition of Mr. Perez.  Alternatively, Plaintiff seeks a court order requiring

26   Defendants' to serve a deposition subpoena on Mr. Perez, or an order extending the discovery cutoff

27   to allow Plaintiff time to serve a subpoena and take Mr. Perez's deposition.  The Court finds that

28   Plaintiff's motion is appropriate for resolution without oral argument, and hereby VACATES the

**United States District Court**
For the Northern District of California

1  hearing on the motion and GRANTS IN PART and DENIES IN PART Plaintiff's Motion to

2  Compel.

3  **Background**

4      When Mr. Perez failed to appear for the scheduled deposition, Mr. Magidish told Plaintiff's

5  counsel that Mr. Perez did not show up for transport to the 11:00 a.m. deposition as planned.

6  Pederson Decl. ¶ 3; <u>see also</u> Magidish Decl. ¶ (Mr. Magidish agreed to drive Mr. Perez from San

7  Francisco to San Jose for the deposition but Mr. Perez refused to participate in the process or attend

8  the deposition).  Plaintiff and his counsel then called Mr. Perez, who told them he had never been

9  informed about the deposition and had been working in Defendant's store since 9:00 a.m. that

10  morning.  Pederson Decl. at ¶¶ 4-5.  This is inconsistent with Defendants' testimony that Mr.

11  Magidish requested Mr. Perez's participation, Mr. Perez previously agreed to deposition dates, but

12  "as the deposition date approached, Mr. Perez refused to attend the deposition. He does not speak

13  English well and he has communicated that he feels intimidated by the legal process."  Magidish

14  Decl. ¶ 3.  The deponent who was present, Mr. Hernandez, stated that he met with counsel the day

15  before to prepare for the deposition.  Pederson Decl. ¶ 6.  During Mr. Hernandez's deposition, Mr.

16  Magidish was given the opportunity to go retrieve Mr. Perez, but he left and later called Plaintiff's

17  counsel and stated that Mr. Perez would not be appearing for the deposition.  Pederson Decl. at ¶¶ 7-

18  8.  According to Mr. Magidish, he drove back to San Francisco from San Jose to try to pick up Mr.

19  Perez, and when Mr. Perez refused, he called Plaintiff's counsel and told him that he could not force

20  Mr. Perez to attend the deposition.  Magidish Decl. ¶ 5.  Plaintiff's counsel asked Defendant's

21  counsel if she would like to confer with her client to explain the reason for Mr. Perez's refusal, but

22  she declined.  Pederson Decl. ¶ 9, Ex. 2 (Hernandez Depo.) at 43-44.

23  **Analysis**

24      **A.      Motion to Compel Mr. Perez's Deposition**

25      Plaintiff moves to compel Mr. Perez's deposition pursuant to Federal Rule of Civil

26  Procedure 37(d) and 37(a)(1).  Rule 37(a)(1) provides that "a party may move for an order

27  compelling disclosure or discovery" and Rule 37(d) provides for sanctions where "a party or a

28  party's officer, director, or managing agent . . . fails, after proper notice, to appear for that person's

2

United States District Court

For the Northern District of California

1   deposition." Plaintiff makes no argument that Mr. Perez is an officer, director or managing agent.

2   Instead, Plaintiff argues that these rules are applicable because Defendants agreed to produce Mr.

3   Perez for deposition, but then misrepresented the circumstances surrounding his failure to appear;

4   i.e., they said he didn't show up for his ride to the deposition and refused to participate in the

5   process, whereas he said he didn't know about the deposition and was working at Defendants' store

6   the morning of the deposition. Plaintiff contends that this demonstrates a deliberate effort to block

7   the deposition, and the Court should compel his deposition on this basis.

8        Defendants counter that Rule 30(a)(1) provides that the attendance of witnesses may be

9   compelled by subpoena as provided in Rule 45. They argue that they believed Mr. Perez would

10  provide deposition testimony pursuant to the notice and they therefore confirmed the date, but he

11  then refused. See Magidish Decl. ¶¶ 2-3. Because he is not a managing agent, they argue that

12  without service of a subpoena there is no way for them to force him to testify.

13       On Reply, Plaintiff argues that, although mandatory attendance at a deposition pursuant to

14  Rule 30 is normally limited to parties and their managing agents, the legislative notes to Rule 30

15  allow a defendant to produce persons other than officers, directors, and managing agents "with their

16  consent." Reply at 2:4-6. However, this legislative note relates specifically to Rule 30(b)(6)

17  depositions, and therefore is inapplicable to this motion. Plaintiff also contends that Rule 30 is an

18  appropriate way of deposing a non-managing agent like Mr. Perez, "so long as these parties consent

19  to the deposition." Reply at 2:9-10. According to Plaintiff, because Mr. Perez is Defendants'

20  employee, they retain control over his schedule and confirmed that he would be produced, thereby

21  manifesting consent.

22       However, even if Defendants consent to Mr. Perez's deposition pursuant to notice, it appears

23  that Mr. Perez himself does not. Because Mr. Perez is a non-party, is not an officer, director or

24  managing agent, and does not consent to having his deposition pursuant to notice, his deposition

25  cannot be compelled without a subpoena. See Avago Technologies General IP Pte Ltd. v. Elan

26  Microelectronics Corp., 2007 WL 1140450, *2 (N.D. Cal. 2007) ("the test is not 'control,' but

27  whether the [employees] are officers, directors, or managing agents of Avago. Only such high-

28  ranking employees can be compelled to appear pursuant to a mere Rule 30 deposition notice. . . .

**United States District Court**
For the Northern District of California

1   Because [they] are not representatives of Avago for purposes of Rule 30, Elan must treat them as

2   ordinary third parties. To obtain their presence at a deposition, Elan would have to serve Rule 45

3   subpoenas or other compulsory process."); <u>McMahon v. Presidential Airways, Inc.</u>, 2006 WL

4   5359797, *1(M.D. Fla. 2006) ("Although most corporate litigants voluntarily produce subordinate

5   employees, if the corporate party refuses to produce the person, the person must be subpoenaed.");

6   <u>In re Honda Am. Motor Co., Inc. Dealership Relations Litig.</u>, 168 F.R.D. 535, 540 (D.Md. 1996)

7   ("Only a party to the litigation may, of course, be compelled to give testimony pursuant to a notice

8   of deposition .... If an examining party fails to meet its burden [of proving that a deponent is a

9   managing agent], it must resort to Fed.R.Civ.P. 45 for subpoenas on non-party witnesses.").

10   Therefore Plaintiff's motion is DENIED IN PART

11         **B.**      **Request for Order that Defendant Effectuate Service of Subpoena**

12         Alternatively, in his reply, Plaintiff asks the Court to order Defendants to serve a deposition

13   subpoena on Mr. Perez as a remedy for their misconduct in failing to initially produce him.  He

14   contends that Defendants never forewarned him that Mr. Perez refused to appear and or produced a

15   declaration to this effect, and that this indicates either an effort to delay and complicate discovery or

16   a deliberate misrepresentation about his consent.  Plaintiff argues that Mr. Perez is still employed by

17   Defendants and they can serve him with a Rule 45 subpoena to preserve time and resources.

18   However, Plaintiff has cited no authority that would allow the Court to order Defendant to serve a

19   deposition subpoena on a non-consenting employee or to bear the cost of such service, and this

20   request is also DENIED.

21         **C.**      **Request to Continue Discovery Cutoff**

22         Alternative, Plaintiff seeks an extension of the discovery period to allow him time to serve a

23   subpoena on Mr. Perez and take his deposition.  Plaintiff argues that there is good cause because he

24   has diligently tried to take this discovery in a timely manner, and the Court agrees.  Therefore,

25   Plaintiff's Motion is GRANTED IN PART and the Court will continue the discovery cutoff to allow

26   Plaintiff to serve a subpoena on Mr. Perez and take his deposition.

27         Separate from this motion, the parties have filed a stipulation for modification of the

28   scheduling order seeking to move the discovery cutoff from June 30 to July 31, and the expert

4

discovery cutoff from August 13 to August 31, but keeping all other dates as scheduled.  The Court

finds good cause for allowing the stipulated continuance of these two deadlines.


Dated: July 6, 2009

_Elizabeth D. Laporte_

ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California