UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN BONIFACIO ULIN,<br><br>        Plaintiff,<br><br>  v.<br><br>LOVELL'S ANTIQUE GALLERY, et al.,<br><br>        Defendants.<br>_____/ | No. C-09-03160 EDL<br><br>**ORDER DENYING MOTION TO EXTEND TIME FOR DEPOSITION OF KEVIN MILLS** |

      This is a wage and hour action between Plaintiff Juan Bonifacio Ulin and his former employer Lovell's Antique Gallery and its owner/manager Abraham Magidish. On August 6, 2010, Plaintiff filed a "Motion to Extend Time for Deposition of Kevin Mills," Defendants' former attorney, arguing that the deposition should be allowed even though noticed for a date after the July 31, 2010 discovery cutoff. The motion was not noticed for a particular date, and no request to hear the motion on shortened time was filed. However, Defendants filed an Opposition and Plaintiff filed a Reply, so the motion is now fully briefed.

      As an initial matter, Plaintiff's Motion violates the timing requirements for noticed motions set forth in Civil Local Rule 7, in that he did not notice the motion for a particular date and did not request that it be heard on shortened time. It is therefore procedurally defective, and Plaintiff is warned that future failure to strictly adhere to this Court's rules will not be tolerated. However,

1  because the motion is fully briefed and the Court finds that resolution is appropriate without oral
2  argument, the Court will proceed to the merits.

3    Plaintiff's motion argues that the deposition of Mr. Mills will only seek information about
4  whether he saw certain time records which Defendants claim were lost or destroyed prior to this
5  litigation. Plaintiff contends that he sought a declaration from Defendants on this topic in advance
6  of the discovery cutoff, but Defendants did not timely respond. In opposing the Motion, Defendants
7  argue that Plaintiff's stated purpose for Mr. Mills' deposition ("only to ask questions about the
8  calendars we have been presented, and any other calendars he may have had or has in his
9  possession") necessarily violates the attorney-client privilege because it involves discussions
10 between the former counsel and his clients regarding discovery matters in this litigation. In addition
11 to the opposition to the motion, Defendants have filed a formal objection to the deposition, and
12 attached email correspondence from Mr. Mills also objecting to the deposition as a violation of the
13 attorney client privilege. See Buchanan Decl. Exs. A, B.

14   Plaintiff responds by relying on Fisher v. U.S., 425 U.S. 391, 403-404 (1976) for the position
15 that pre-existing documents transferred to an attorney are not protected by the privilege, and
16 therefore "the information that is contained in these calendars and obtained by Mr. Mills by
17 reviewing these calendars is similarly not privileged." Reply at 2. However, the portion of Fisher
18 relied on by Plaintiff relates to document discovery, and means that the calendars in question, if
19 otherwise unprivileged, did not become privileged simply by transfer to an attorney. The case does
20 not conclude that an attorney can be forced to testify about documents given to him (or not given to
21 him) by a client in the course of representation. Instead, it is clear that confidential disclosures made
22 by a client in order to obtain legal assistance are privileged. Id. at 403. Therefore, Mr. Miller's
23 testimony even on the limited question pressed by Plaintiff – whether he has seen any calendars
24 other than those that have been produced by Defendants to Plaintiffs in this case – invades the
25 attorney-client privilege because it would necessarily involve testimony about what Defendants
26 showed and told their attorney in order to obtain legal assistance from him. The motion is DENIED
27 //
28 //

2

on this basis, and it is therefore unnecessary to reach the arguments relating to the work product doctrine.

**IT IS SO ORDERED.**

Dated: August 11, 2010

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge