**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN BONIFACIO ULIN,

                Plaintiff,

    v.

LOVELL'S ANTIQUE GALLERY,
et al.,

                Defendants.
_____/

No. C-09-03160 EDL

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO RE-OPEN DISCOVERY FOR LIMITED PURPOSE**

### Introduction

Before the Court is Plaintiff's Motion to Re-Open Discovery for the limited purpose of conducting two depositions, where Plaintiff failed to provide witness fees with deposition subpoenas and so the depositions did not occur before the discovery cutoff.  The Court finds this Motion appropriate for resolution on the papers without the need for oral argument.   For the following reasons, the motion is GRANTED IN PART AND DENIED IN PART.

### Background

Plaintiff Juan Bonefacio Ulin's complaint against his former employer, ALEA-72 Inc. dba Lovell's Antique Gallery, and its owner/manager, Abraham Magidish, makes claims for violation of state and federal overtime law, failure to provide meal and rest periods under California law, failure to pay wages due and penalties under California law, violation of California Business & Professions

United States District Court

For the Northern District of California

1    Code § 17200, and violation of California Labor Code § 226 for failure to provide proper pay

2    statements.  It is undisputed that Defendants paid Plaintiff a daily salary in cash for most of his

3    employment and did not keep records of these payments or record the actual hours plaintiff worked.

4    Therefore, much of the evidence regarding the hours and days Plaintiff worked and the amount he

5    was paid for work performed is in the form of conflicting testimony of Mr. Magidish and Plaintiff,

6    as well as the testimony of other employees.

7           In June, Plaintiff filed a motion to compel the deposition of employee Rafael Perez after Mr.

8    Perez failed to appear for a noticed deposition.  The Court held that it had no authority to compel the

9    deposition of a non-party witness where Plaintiff had not served him with a deposition subpoena.

10   See Dkt. # 39.  However, the Court agreed that Plaintiff had diligently tried to take the deposition in

11   a timely manner, and therefore "continue[d] the discovery cutoff to allow Plaintiff to serve a

12   subpoena on Mr. Perez and take his deposition."  The Order did not expressly specify a cutoff for

13   Mr. Perez's deposition.  However, concurrent with the motion to compel, the parties stipulated to

14   continue fact discovery from June 30 to July 31, 2010 and the Court granted this continuance in its

15   Order on the motion to compel.  The December 13, 2010 trial date remains in place.

16          On July 15, 2010, Plaintiff served Mr. Perez and Pedro Hernandez, another employee, with

17   deposition subpoenas requiring attendance at a deposition on July 28, 2010.  Pederson Decl. ¶ 2,

18   Exs. 2, 3.  Plaintiff's counsel sent the proofs of service to defense counsel on July 22, and defense

19   counsel responded that she had "been informed that the subpoenas were not served on the

20   deponents."  Pederson Reply Decl. Exs. 1-2.  Neither Mr. Perez nor Mr. Hernandez appeared for

21   their deposition.  Id. ¶¶ 10-12.  Both counsel appeared for the depositions, and defense counsel

22   stated that she did not know where the deponents were and did not represent them.  Pederson Reply

23   Decl. Ex. 5.  Plaintiff then began preparing motions for enforcement of the subpoenas, and found

24   that witness fees had not been properly served with the subpoenas and the subpoenas are therefore

25   unenforceable.  Id. ¶¶ 13-16.  Plaintiff's counsel, a relatively new attorney, believes this is the likely

26   reason for the deponents' non-appearance and laments the oversight.  Id. at ¶¶ 17-18.  On August 17,

27   2010, Plaintiff filed the instant motion to re-open discovery for the limited purpose of conducting

28   the depositions of Rafael Perez and Pedro Hernandez.

2

**United States District Court**
For the Northern District of California

## Analysis

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Rule 16(b)' s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609.

Plaintiff argues that there is good cause for re-opening discovery because, other than the failure to provide witness fees, he has diligently pursued these depositions, especially that of Mr. Perez whom he noticed in May and subpoenaed a week after the Court's Order denying the motion to compel but continuing the discovery cutoff. He contends that when he learned about the failure to provide witness fees, on August 13 he asked Defendants to stipulate to extend the discovery cutoff but Defendants refused. See Pederson Decl. Ex. 4 (email requesting stipulation sent 8/16 and refusal sent on 8/17). The Court agrees that Plaintiff has been diligent in seeking to obtain the deposition of Mr. Perez, but for the oversight in failing to provide him with the required witness fee. Plaintiff also argues that there is good cause because the testimony of these individuals is crucial because other deposition testimony is inconclusive. Specifically, he contends that Mr. Hernandez is the only available witness who worked full-time with Plaintiff in the warehouse and is therefore "the most valuable of any witness deposed to date." The Court agrees that the testimony of another warehouse worker would likely be useful in resolving the issues in this case, though it is unclear why Plaintiff waited until after the initial discovery cutoff and two weeks before the extended cutoff to subpoena him.

Finally, Plaintiff contends that Defendants will not suffer prejudice because there is over three months until trial and they have been on notice of Plaintiff's intent to depose Mr. Perez since May. Plaintiff points out that the Court previously granted an extension of time to depose another employee, Mr. Flores, but this was presented as a stipulation and is thus a different situation that has

**United States District Court**
For the Northern District of California

1   no bearing on this motion.  <u>See</u> Dkt. # 26.  Defendants simply respond that "[a]dditional depositions

2   would subject Defendants to additional expense that is not justified at this point," but do not

3   otherwise explain how they will be prejudiced.

4          Defendants do not address Plaintiff's good cause or prejudice arguments head on, but

5   contend that the motion is untimely because the deadline to compel discovery was August 7, 2010,

6   seven days after the discovery cutoff as required by Local Rule 26-2.  They argue that when the

7   witnesses did not appear at the deposition on July 28, he should have moved to compel at that time

8   and is now attempting to get around his failure to timely file a motion to compel by instead filing a

9   motion to re-open discovery.  Defendants' argument is essentially that Plaintiff should have filed an

10  improper motion to compel after learning of the witness fee issue, a suggestion with which the Court

11  cannot agree.

12         In light of the foregoing, the Court agrees that Plaintiff has shown good cause for allowing

13  some additional discovery, especially because of the value that additional deposition testimony may

14  have in resolving this case.  However, the Court is sympathetic to the fact that Defendants' counsel

15  has already appeared at two depositions which did not take place because of Plaintiff's clerical error.

16  Therefore, the Court grants Plaintiff's motion to re-open discovery for the limited purpose of taking

17  <u>one</u> additional deposition, of <u>either Mr. Perez *or* Mr. Hernandez</u>, but not both.  Plaintiff may decide

18  which witness he wants to depose and shall properly subpoena that deponent and set the deposition

19  as soon as possible.  To the extent that Defendants have any contact with or control over the

20  deponent in question, Defendants are encouraged to discuss with the deponent the potential

21  ramifications of failure to comply with a subpoena, including contempt.

22         For all of these reasons, the Motion is GRANTED IN PART AND DENIED IN PART.

23  **IT IS SO ORDERED.**

24

25  Dated: September 17, 2010

26  ELIZABETH D. LAPORTE
    United States Magistrate Judge

27

28