**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7           UNITED STATES DISTRICT COURT

8           NORTHERN DISTRICT OF CALIFORNIA

9

10   JUAN BONIFACIO ULIN,

11              Plaintiff,                    No. C-09-03160 EDL

12        v.                                  **ORDER FOR ADDITIONAL BRIEFING**
                                              **ON FALSE DOCUMENTS ISSUE**
13

14   LOVELL'S ANTIQUE GALLERY,
     et al.,
15
                Defendants.
16
     _____/
17

18        Having further considered the potential impact of the undisputed fact that Plaintiff submitted

19   false documents to his employer at the time of his employment on the legal issues in this case, the

20   Court finds it appropriate to revisit this topic prior to trial.  The Court believes that further briefing

21   would be helpful to the Court and to the parties to narrow the related issues prior to trial.  As the

22   Court mentioned in its Order Granting in Part and Denying in Part Defendants' Motion for Summary

23   Judgment, the record is silent on the factual issue of whether Plaintiff's employer was actually

24   deceived by Plaintiff, and/or whether the employer was complicit in hiring or retaining Plaintiff as a

25   falsely documented employee, and the Court believes that this fact may potentially be determinative

26   of the impact that Plaintiff's documentation status has on some or all of the issues in this case.  See

27   Dkt. # 94 at 12.  The Court hereby Orders that the parties each submit additional briefing of no more

28   than eight (8) pages per side addressing the following topics by no later than November 5, 2010:

- • If the Court allows evidence on the factual issue of whether Defendants were actually deceived by Plaintiff, and/or whether they were complicit in hiring or retaining a falsely documented employee, which side has the burden of proof on this issue;

- • If the Court, in its capacity as trier of fact for this bench trial, determines that the employer was actually deceived by Plaintiff, what would be the impact of this finding of fact on Plaintiff's case? Specifically, would such a finding preclude all of Plaintiff's claims, only his federal liquidated damages claim, or have no impact on his claims?

**IT IS SO ORDERED.**

Dated: October 27, 2010

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California