1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUAN BONIFACIO ULIN,                                        No. C-09-3160-EDL

        Plaintiff,                                   **ORDER FOLLOWING PRETRIAL
                                                CONFERENCE**

  v.

ALAEA-72, INC. et al.,

        Defendant.
                              /

At the Pretrial Conference on November 22, 2010, the Court ordered as follows:

1.     Defendant's Motion in Limine No. 1, requesting that the Court apply two different wage

orders to the facts of this case, is DENIED.  Industrial Welfare Commission Order No. 7-2001

Regulating Wages, Hours and Working Conditions in the Mercantile Industry defines "Mercantile

industry" as "any industry, business, or establishment operated for the purpose of purchasing,

selling, or distributing goods or commodities at wholesale or retail . . ." Wage Order No. 7-2001 at

2(H).  Defendants admit that they own and operate a furniture and antique store and that Plaintiff

was employed by them to perform warehouse and delivery services for this store, and thus they falls

squarely within the wage order governing the Mercantile industry.   If a business is covered by an

industry order, then all employees of the business fall under that order.  See DLSE Enforcement

Manual §§ 43.6.13, 43.7.  Thus, only Wage Order No. 7-2001 applies to this case.

2.     Plaintiff concedes that the immigration documents provided to Defendants and referenced on

his I-9 form in March 2008 were not his own.

3.     The Court will hear evidence on the factual circumstances surrounding when and why

**United States District Court**
**For the Northern District of California**

1  Plaintiff presented false documents to Defendants, and whether Defendants were actually deceived

2  by Plaintiff or were complicit in hiring or retaining an undocumented or falsely documented

3  employee.  The parties and the Court are in agreement that Defendants bear the burden of proof on

4  this issue.

5  4.          Defendants' Motion in Limine No. 2 for an Order that Plaintiff's alleged immigration

6  violation precludes his claim for restitution dating back four years under California Business &

7  Professions Code § 17200 is DENIED as premature.  Until the Court hears evidence relating to the

8  false document issue, the Court will not rule on the legal impact that either parties' alleged

9  violations of the Immigration Reform and Control Act ("IRCA") may have on their respective

10  positions.  However, the Court notes that the caselaw does not appear to support Defendants'

11  position that Plaintiff's § 17200 claim would be entirely barred based on equitable considerations,

12  though any award to Plaintiff could be affected.  See Cortez v. Purcolator Air Filtration Products

13  Co., 23 Cal. 4th 163, 179-81 (2003).  Additionally, if the evidence establishes that Defendants did

14  not ask Plaintiff for the required documentation from the time of his hire in July 2005 until March

15  2008, then there would likely be no basis on which to foreclose Plaintiff's recovery from July 13,

16  2005 to July 13, 2006 (the time period sought by Defendants) because Defendants were also in

17  violation of IRCA during this period.

18  5.          Defendants' Motion In Limine No. 3 seeking an Order that the applicable overtime rate of

19  pay for all claims in this case will be determined by "dividing average earnings for a work day by

20  the number of hours actually worked" is DENIED.  First, Defendants do not distinguish between the

21  differing standards for determining "regular rate of pay" under California and federal law.  See

22  California Dairies Inc. v. RSUI Indem. Co., 617 F.Supp.2d 1023, 1043, n.9 (E.D.Cal. 2009) (noting

23  that differences in calculation methods between California and FLSA can cause a non-exempt

24  salaried employee whose "regular rate of pay" is calculated pursuant to California Labor Code § 510

25  to earn 37% more than a non exempt salaried employee earning the same weekly pay and working

26  the same amount of overtime whose "regular rate" is calculated by the FSLA method); Cal. Prac.

27  Guide Employment Litigation § 11:933-935 (discussing differences in methods of calculation under

28  state and federal law).  Second, Defendants have not pointed the Court to any caselaw supporting

**United States District Court**
For the Northern District of California

1   their interpretation of 29 C.F.R. § 778.112, and their interpretation would effectively read out a

2   portion of the regulation's language.  29 C.F.R. § 778.112 provides that:

3          If the employee is paid a flat sum for a day's work or for doing a particular job,
           without regard to the number of hours worked in the day or at the job, and if he

4          receives no other form of compensation for services, his regular rate is determined
           by totaling all the sums received at such day rates or job rates in the workweek

5          and dividing by the total hours actually worked. He is then entitled to extra half-
           time pay at this rate for all hours worked in excess of 40 in the workweek.

6

7   Thus, under federal law, the proper method of regular rate of pay for Plaintiff's federal claims is to

8   multiply his daily rate of pay by the number of days he worked during the workweek and divide by

9   the total hours he actually worked.  He is then entitled to extra half-time pay at this rate for all hours

10  worked in excess of 40 in the workweek.  Under California law, in contrast, Plaintiff's rate of pay

11  should be calculated by multiplying his daily rate of pay by the number of days he worked during

12  the workweek and dividing by 40.  See Espinoza v. Classic Pizza, Inc., 114 Cal.App.4th 968, 973

13  (2003) (under wage order mandating overtime pay for a workweek exceeding 40 hours *or* a workday

14  exceeding eight hours, "the method for computing the 'regular rate of pay' for an employee who

15  receives a fixed weekly salary for a fluctuating workweek is to divide that salary by no more than 40

16  hours").

17  6.      Defendants' Motion In Limine No. 4 requests an Order precluding evidence or argument by

18  Plaintiff that he was not permitted to take rest breaks and that he not be awarded any damages for

19  allegedly missing rest breaks.  Plaintiff does not oppose this motion and it is hereby GRANTED.

20  7.      The parties shall meet and confer regarding the additional phone records recently produced

21  by AT&T, and should exchange and cooperate in the production of any voluminous record

22  summaries of the documents on an ongoing basis.  The parties should further work together to

23  stipulate to the facts contained in the phone records, and limit their trial presentation to the

24  inferences to be drawn from the documents as opposed to the facts contained therein.

25  8.      The parties shall exchange demonstrative exhibits no later than one business day before

26  using the exhibits at trial.

27  9.      The court day will be from 9:00 a.m. until 3:15 p.m.  The Court will take two fifteen-minute

28  breaks and one forty-five minute lunch each day.  Plaintiff shall have no more than nine hours and

1  Defendants shall have no more than six hours to present their evidence.

2  22.      Following trial and a determination of the number of overtime hours that Mr. Ulin should be

3  compensated for, if any, the Court may require the parties to provide the Court with additional

4  briefing regarding the appropriate calculation of damages to be awarded in light of the Court's ruling

5  on Defendants' Motion In Limine No. 3.

6

7          **IT IS SO ORDERED.**

8  Dated: November 24, 2010

ELIZABETH D. LAPORTE

9                                                                   United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4