E-filing

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN BONIFACIO ULIN,

Plaintiff,

v.

LOVELL'S ANTIQUE GALLERY, et al.,

Defendants.

_______________________________/

No. C-09-03160 EDL

**ORDER REGARDING DAMAGES FOLLOWING BENCH TRIAL**

## I. Introduction

Following a bench trial on December 12-13, 2010, on February 23, 2011 this Court issued Findings of Fact and Conclusions of Law ("FFCL"). In its Order, the Court found as follows with respect to damages:

- Plaintiff is entitled to restitution for proven violations of the California Labor Code going back four years (to his original start date of July 16, 2005) under California Business & Professions Code § 17200. FFCL 15.
- Mr. Magadish is personally liable for Plaintiff's damages under the FLSA. FFCL 17.
- Plaintiff is entitled to overtime for two hours per week for each week he worked in the warehouse. FFCL 18. Additionally, he is entitled to five hours of overtime for one day when he worked late. Id. He worked more than five days a week on 91 days while he was on out of state delivery trips as well as one other day. Id. 18-19.
- Plaintiff's regular rate of pay under California law is calculated by "multiplying his daily rate of pay by the number of days he worked in a workweek and dividing by 40." Overtime is compensated at no less than one and one-half times the regular rate of pay for an employee." FFCL 19.

United States District Court
For the Northern District of California

- The FLSA statute of limitations is two years. FFCL 20-21.
- The FLSA regular rate of pay is calculated by multiplying "his daily rate of pay by the number of days he worked in the workweek and divid[ing] by the total hours he actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 hours in the workweek." FFCL 21.
- Payment for missed meal periods constitutes a wage and there is a three-year statute of limitations for missed meal periods. FFCL 22. However, the UCL statute of limitations for unpaid wages is four years.
- Plaintiff is entitled to missed meal period premiums at his regular rate of pay for two hours per week every week that he worked in the warehouse. FFCL 23.
- Plaintiff is entitled to $4,000 for inadequate wage statements. FFCL 24.

## II. Further Briefing Regarding Damages

In its Order, the Court ordered the parties to submit a joint brief of no more than ten pages setting forth their respective positions regarding the exact amount of damages to be awarded based on the Court's Findings of Fact and Conclusions of Law by no later than March 9, 2011. On March 10, the parties submitted a Joint Brief on Damages. The Court has read and considered the parties's joint brief. Despite clear guidance from the Court in its prior Orders, the parties continue to disagree on how to calculate regular rate of pay under both state and federal law, the amount of overtime owed under state and federal law, how to account for the days that Plaintiff worked overtime while traveling, and appropriate interest.

Additionally, neither side takes into account the Court's focus on the difference between when Plaintiff worked in the warehouse and when he was on out of state delivery trips, both proceeding on the assumption that he worked in the warehouse every day that he was employed. Since neither party makes this distinction, however, the Court will not do so either in calculating damages.

### 1. California state overtime damages

In the FFCL, the Court stated that Plaintiff's regular rate of pay under California law is calculated by "multiplying his daily rate of pay by the number of days he worked in a workweek and dividing by 40." "Overtime is compensated at no less than one and one-half times the regular rate of pay for an employee." FFCL 19.

#### a. Regular Rate of Pay

United States District Court
For the Northern District of California

Plaintiff calculates his regular rate of pay ("RRP") by relying on the Court's finding that Plaintiff worked two overtime hours per week for every week he worked in the warehouse "plus 91 weeks where he worked a sixth day of 8 hours," and makes the unsupported assumption that these 91 days occurred during the first 91 weeks of his employment. Joint Brief at 2. Thus, he calculates his RRP for the first 91 weeks of employment as: his daily salary (ranging from $65 to $75) x 6 (because of the extra day he claims to have worked in each of the first 91 weeks) / 40. There is no basis for this method of calculation. The Court did *not* find that Plaintiff worked one day of overtime during each of the first 91 weeks, or that these days of overtime occurred during his first 91 weeks. Instead, the Court found that the only overtime worked was during pay periods where his pay envelopes reflected that he worked more than 10 days in a pay period towards the end of his employment while on out-of-state deliveries. Therefore, Plaintiff's method of California RRP calculation must be rejected. Defendants do not explain how they calculate California RRP, but it appears that they do so by dividing Plaintiff's daily salary by 8 hours throughout his employment, which is also incorrect because there are some weeks when the Court found that he worked more than five days while he was on out of state deliveries later in his employment. The Court previously rejected Defendants' proposed method of calculation for Plaintiff's California state law claims in connection with Motion In Limine No. 3.

The most accurate method of calculating Plaintiff's California RRP, based on the Court's previous findings, and approximating as necessary to achieve a just result (Brock v. Seto, 790 F.2d 1446, 1448 (9th Cir. 1986) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 688 (1946)), is as follows:

- 7/15/05 -12/31/05 (24 weeks): $65 x 5 /40 = $8.125
- 1/1/06-12/31/06 (52 weeks): $70 x 5 /40 = $8.75
- 1/1/07 -2/27/09 (113 weeks) (remainder of time he worked for Defendants except during weeks when he worked different amount of days due to out-of-town deliveries): $75 x 5 /40 = $9.375

During other weeks towards the end of his employment where the pay envelopes show that Plaintiff may have worked more than five days a week, the Court found:

> During Plaintiff's period of employment, he should have received 87 bi-weekly pay envelopes. Plaintiff produced 37 envelopes, none of which contain dates indicating what pay period the envelope included payment for. . . . Nine of the envelopes give no indication of the number of days worked in the pay period, and contain only Plaintiff's name. Of the remaining 28 envelopes produced: five indicate 11 days worked in the pay period, three indicate 12 days worked in the pay period, six indicate 13 days worked in the pay period, nine indicate 14 days worked in the pay period, and five indicate 15 days worked in the pay period. Trial Exs. 2, G. Nine of the envelopes contain a written reduction of $350, which indicates that the envelope was from the period after March 31, 2008 when Plaintiff began receiving part of his payment by check.
>
> Defendants argued at trial that Plaintiff only produced the envelopes most favorable to his position, and that his claim that these are all of the documents he has relating to his employment is not credible because he trained as an accountant in Guatemala and retained all cash remittance receipts for transmissions to Guatemala. Plaintiff did not dispute this contention or explain why all pay envelopes were not produced, other than to state that he did not receive an envelope with his pay approximately five times per year. Based on the lack of any explanation as to why the additional envelopes were not produced, the Court will not infer that the envelopes produced are reflective of the days Plaintiff worked during other pay periods.
>
> Depending on the number of days in the month, the number of days worked in a pay period could be more than ten without overtime having been worked, but could never be more than 12 without some overtime. The number of days written on the envelopes was accurate and Plaintiff was paid his daily salary for every day he worked.

FFCL at 18-19.

Based on these findings, and drawing an inference in Plaintiff's favor that he worked one extra per pay period during the pay periods in which 11 days were worked, the Court finds that Plaintiff's RRP shall be calculated as:

- 17 weeks @ $75 x 6 /40 = $11.25[1]
- 34 weeks @ $75 x 7 /40 = $13.125[2]

---

[1] The 17 weeks are calculated as follows: one extra day during each of the five pay bi-weekly periods where his pay envelopes show 11 days of work during the period (so a total of five weeks); one extra day *per week* during each of the three pay periods where he worked 12 days in the pay period (so a total of six weeks); and one extra day per week during half of the weeks included in the six pay periods where he worked 13 days (so a total of six weeks), because on the other half of the weeks during these six pay periods he must have worked two extra days per week. This means that, based on the pay envelopes he provided, he worked a total of 17 weeks in which he worked six days.

[2] The 34 weeks are calculated as follows: two extra days per week during half of the weeks included in the six pay periods where he worked 13 days (so a total of six weeks); two extra days per week during each of the nine pay periods where he worked 14 days in the period (so a total of 18 weeks); and two extra days per week during each of the five pay periods where he worked 15 days in the period (so a total of ten weeks). This means that, based on the pay envelopes he provided, he worked a total of 34 weeks in which he worked seven days.

United States District Court
For the Northern District of California

**b. Overtime Owed**

Plaintiff next calculates overtime owed at RRP x 1.5 x number of overtime hours worked, which he calculates as $16,987.50 (10 hours of overtime for the first 91 weeks of his employment, plus 2 hours for the remaining weeks). As discussed above, there is no basis for Plaintiff's assumption that the 91 days of overtime that the Court found Plaintiff worked occurred during the first 91 weeks of his employment; instead they occurred over the course of 28 pay periods towards the end of his employment. Further, the Court found that Plaintiff *was* paid his daily rate for every day he worked (including the 91 days in question); he just was not paid an overtime premium. Therefore, he is not entitled to an additional RRP x 1.5 for each hour of the days he worked overtime. Plaintiff's reliance on the DLES Manual § 48.1.5.2 is misplaced, because the "illegal fluctuating workweek" examples there were based on a weekly salary, where the employee was paid the same amount per week regardless of hours or days worked. Here, in contrast, Plaintiff was admittedly paid his daily salary for all days worked so the only issue is *extra* overtime payment for hours worked in excess of eight and days worked in excess of five. Since he has already been paid his daily salary for every day, he only is entitled to an additional amount of RRP x .5 for the days he worked overtime, plus RRP x 1.5 for the two extra hours per week while he was working in the warehouse, as well as five extra hours he worked overtime on one occasion. Defendants calculate the amount of overtime due at $8,588.44, apparently using only his lowest RRP and multiplying it by .5. Thus, neither party's calculations are entirely accurate. Therefore, the Court has performed its own calculations, which result in **$10,259.18** in overtime due under California law. See Exhibit A.

**c. Missed Meal Periods**

The parties agree that Plaintiff is entitled to his RRP for two hours per week for each week worked for missed meal periods. The parties do not distinguish between time worked in the warehouse and time out of the warehouse on deliveries, so the Court does not make this distinction either. Plaintiff calculates this amount as $3,735. Defendants calculate it as $3,453.75. The difference is based on the parties' differing methods of calculating RRP, both of which are incorrect in some respects. The Court finds that the correct calculation for missed meal periods is **$3,903.90**.

United States District Court
For the Northern District of California

**2. FLSA Damages**

Plaintiff seeks $4,670 in overtime under the FLSA plus $2088.64 in interest, for a total of $6,758.64. Plaintiff calculates the federal RRP as: (daily rate x number of days worked per week) / (number of days worked per week x 8 hours + 2 hours for missed meal periods). Plaintiff provides no explanation for this method of calculating the federal RRP. However, Defendants do not specifically challenge Plaintiff's federal RRP calculation, and contend without explanation that they owe $8,588.44 for FLSA/restitution. Plaintiff states that he does not understand how Defendant's FLSA calculation yields a higher than his, but will accept it.

The Court has held that the federal RRP is calculated by multiplying "his daily rate of pay by the number of days he worked in the workweek and divid[ing] by the total hours he actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 hours in the workweek." FFCL 21. Plaintiff's calculation is much closer to this method of calculation, though neither party's calculations are entirely accurate. The Court has performed its own calculations below which result in **$4,807.01** in overtime due under federal law. See Exhibit B.

**3. Pre-Judgment Interest**

Plaintiff also claims pre-judgment interest on all of his unpaid overtime and meal period premiums at 10% per annum. See Espinoza v. Classic Pizza, Inc., 114 Cal. App. 4th 968, 975 (2003). Plaintiff contends that the interest began to accrue on the date on which payment was due; *i.e.* the day after the end of the pay periods ending the 1st and 16th of each month, and calculates the amount at $9,126.58. Defendants do not address pre-judgment interest other than to argue that Plaintiff's calculations are inaccurate, and did not brief the issue because it was not specifically required in the FFCL.

Because this issue was not fully addressed by both sides in the Joint Brief, and because the Court disagrees with both parties' damages calculations in other respects, further briefing on the proper interest calculation is necessary. The Court expects that the parties should be able agree on the appropriate measure of interest based on the guidance provided by this Order. If the parties cannot agree and jointly submit a form of Judgment for the Court's signature, the parties are hereby Ordered to submit a joint brief of no more than five pages setting forth their respective positions

//

United States District Court
For the Northern District of California

regarding the exact amount of interest to be awarded, and why, by no later than April 18, 2011.

**IT IS SO ORDERED.**

Dated: April 8, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge

**EXHIBIT A - California Damages**

| Date range | RRP | OT Worked | OT Owed | Meal Period | Meal Period Owed | Penalty for failure to keep records | Interest |
|---|---|---|---|---|---|---|---|
| 7/15/05 -12/31/05 (24 weeks) | $65 x 5 /40 = $8.125 | 2 hrs x 24 weeks x ($8.125 x 1.5) | $585 | 2 hrs x 24 weeks x $8.125 | $391.2 | | |
| 1/1/06-12/31/06 (52 weeks) | $70 x 5 /40 = $8.75 | 2 hrs x 52 weeks x ($8.75 x 1.5) | $1,365 | 2 hrs x 52 weeks x $8.75 | $910 | | |
| 1/1/07-2/27/09 (71weeks, (excluding weeks when he worked different amount of days) | $75 x 5 /40 = $9.375 | 2 hrs x 71 weeks x ($9.35 x 1.5) | $1,991.55 | 2 hrs x 71 weeks x $9.35 | $1,327.7 | | |
| 17 weeks | $75 x 6 /40 = $11.25 | 2 hrs x 17 weeks x ($11.25 x 1.5)<br><br>8 hrs x 17 weeks x ($11.25 x .5) | $573.75<br><br>$765 | 2 hrs x 17 weeks x $11.25 | $382.5 | | |
| 34 weeks | $75 x 7 /40 = $13.125 | 2 hrs x 34 weeks x ($13.125 x 1.5)<br><br>16 hrs x 34 weeks x ($13.125 x .5) | $1,338.75<br><br>$3,570 | 2 hrs x 34 weeks x $13.125 | $892.50 | | |
| 5 hours of overtime for one particular day in 2008) | | 5 hrs x ($9.35 x 1.5) | $70.125 | | | | |
| Penalty for failure to keep proper records | | | | | | $4,000 | |
| TOTAL | | | **$10,259.18** | | **$3,903.90** | **$4,000** | **TBD** |

**EXHIBIT B - FLSA DAMAGES**

| Date range | RRP | OT Worked | OT Owed | Interest |
|---|---|---|---|---|
| 7/15/05 -12/31/05 (24 weeks) | $65 x 5 /42 = $7.738 | 2 hrs x 24 weeks x ($7.738 x .5) | $185.71 | |
| 1/1/06-12/31/06 (52 weeks) | $70 x 5 /42 = $8.33 | 2 hrs x 52 weeks x ($8.33 x .5) | $433.16 | |
| 1/1/07-2/27/09 (71weeks, excluding weeks when Plaintiff worked different amount of days) | $75 x 5 /42 = $8.928 | 2 hrs x 71 weeks x ($8.928 x .5) | $633.89 | |
| 17 weeks | $75 x 6 /50 = $9 | 2 hrs x 17 weeks x ($9 x .5)<br>8 hrs x 17 weeks x ($9 x .5) | $153<br>$612 | |
| 34 weeks | $75 x 7 /58 = $9.05 | 2 hrs x 34 weeks x ($9.05 x .5)<br>16 hrs x 34 weeks x ($9.05 x .5) | $307.70<br>$2461.60 | |
| 5 hours of overtime for one particular day in 2008 | $75 x 5 /47 = $7.978 | 5 hrs x ($7.978 x .5) | $19.95 | |
| TOTAL | | | **$4,807.01** | **TBD** |