UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN BONIFACIO ULIN,

        Plaintiff,

  v.

LOVELL'S ANTIQUE GALLERY, et al.,

        Defendants.

_____/

No. C-09-03160 EDL

**ORDER AWARDING DAMAGES FOLLOWING BENCH TRIAL; DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

## I. Final Damages Calculation

Following a bench trial held on December 12-13, 2010, this Court issued Findings of Fact and Conclusions of Law ("FFCL") and ordered the parties to submit a joint brief setting forth their respective positions regarding the exact amount of damages to be awarded based on the FFCL. The parties submitted a Joint Brief on Damages, and on April 8 the Court issued an Order Regarding Damages and requested further briefing regarding the amount of pre-judgment interest, if any, Plaintiff is entitled to based on the Court's damages calculations if the parties could not come to an agreement on the issue. Thereafter, the parties submitted a "Joint Brief On Interest" in which they admit that they did not truly meet and confer in violation of the Court's previous. See Dkt. No. 129 at 1 n.1, 6 n.13. Based on the parties' arguments and the Court's own calculations, damages shall be awarded as follows:

### A. California Claims

#### I. Interest Rate is Ten Percent Per Annum

The interest on Plaintiff's California state law claims is calculated at 10% per annum, beginning on the date each bi-weekly payment became due. See Cal. Labor Code § 218.6 ("In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due . . . "); Cal. Civil Code § 3289(b) ("If a contract . . . does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach."). See also Bell v. Farmers Ins. Exchange, 135 Cal. App. 4th 1138 (2006) (affirming trial court's decision to apply pre-judgment interest rate of 10% to the accrual of unpaid wages).[1]

#### ii. Calculation of Interest and Damages Based On Prior Damages Order

Defendants do not dispute that interest should accrue on a bi-weekly basis as the wages became due up until April 18, 2011, or Plaintiff's method for calculating the amount of interest due as detailed in the "Joint Briefing on Damages." The Court agrees that this is the proper method of calculation.[2]

Based on an interest rate of 10%, and correcting the miscalculation of 71 weeks to 61 weeks where he worked five days a week from 2007 to 2009, Plaintiff is entitled to **$9,870.98 in overtime, $3,731.65 in missed meal periods, $4,621.62 in interest, and $4,000 in inadequate pay statement penalties**.

---

[1] Defendants contend that "[]if there is no legislative act specifying the rate of prejudgment interest, then the constitutional rate of seven percent applies," and contend that Plaintiff's calculation should be reduced by 30 percent. Joint Brief at 5. However, there *is* a legislative act specifying that the interest rate on unpaid California wage claims is ten percent, so the constitutional rate of seven percent is inapplicable.

[2] Plaintiff points out a calculation error in the Court's Order Regarding Damages. During the period from 1/1/07 to 2/27/09, there are 112 weeks total and the Court found that Plaintiff worked six days a week for 17 weeks and seven days a week for 34 weeks, which leaves 61 (not 71, as stated in the Court's prior Order) weeks where he worked five days. Additionally, the Court did not specify an exact date on which it found that Plaintiff worked overtime during one delivery because no evidence of the exact date on which this occurred was presented. For purposes of calculating damages, Plaintiff assumes this instance of overtime occurred on June 30, 2008 and Defendants do not challenge the assumption, so the Court incorporates into its damages calculation

2

### B.    Interest on FLSA Damages

Plaintiff contends that he is also entitled to the California Labor Code's 10% pre-judgment interest rate on his FLSA overtime claim because he seeks FLSA damages as restitution under California Business & Professions Code § 17200.  Plaintiff does not cite any caselaw that applies Labor Code § 218.6's 10% interest rate to FLSA claims brought under the UCL.  The only case the Court has located addressing the proper interest rate for a federal claim brought under the UCL is Carrizosa v. Stassinosa, 2010 WL 4393900 (N.D. Cal., Oct. 29. 2010), relating to the proper rate of prejudgment interest on a Fair Debt Collection Practices Act claim brought under § 17200, which held that "[s]ince there is no California legislation specifying the rate of prejudgment interest for UCL claims, the [Constitutional catch-all] interest rate of 7% applies."   Therefore, there is no authority for Plaintiff's claim of ten percent interest, but some support for application of a seven percent interest rate.

Defendants do not dispute that pre-judgment interest is available for Plaintiff's FLSA claim, but ignore Plaintiff's argument that a state law interest rate applies because the claim seeks UCL restitution for the FLSA violation.  Instead, they rely on caselaw addressing the proper interest rate for federal claims unrelated to the UCL, which generally apply the post-judgment interest rate specified in 28 U.S.C. § 1961.[3]  See Ford v. Alfaro, 785 F.2d 835, 842 (9th Cir. 1986) (pre-judgment interest should be applied in FLSA cases at same rate as post-judgment interest "unless the trial judge finds, on substantial evidence, that the equities of the particular case require a different rate"); Golden State Transit Corp. v. City of Los Angeles, 773 F. Supp. 204, 216-219 (C.D. Cal. 1991) (discussing various possible interests rates to apply to prejudgment interest on a § 1983 claim, and applying the rate specified for post-judgment interest in 28 U.S.C. § 1961); Solis v. Best Miracle Corp., 709 F. Supp. 2d 843, 860 (C.D. Cal. 2010) (in FLSA case, finding that the "default prejudgment interest rate is calculated pursuant to 28 U.S.C. § 1961, 'unless the trial judge finds, on substantial evidence, that the equities of the particular case require a different rate'" and applying

---

[3] This section provides in pertinent part that "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [] the date of the judgment."

3

that rate from last payday because no showing that equities favor a different result) (quoting <u>Western Pacific Fisheries, Inc. v. § President Grant</u>, 730 F.2d 1280, 1288 (9th Cir. 1984)); <u>Campbell v. National Passenger R.R. Corp</u>., 2009 WL 2591611, *10-11 (N.D.Cal. 2009).

However, Defendants do not perform their own calculation under 28 U.S.C § 1961 or otherwise "set[] forth their [] position regarding the exact amount of interest to be awarded, and why," as previously Ordered. Dkt. # 128 at 7. Instead, Defendants ask that Plaintiff "be required to provide the excel formatted spreadsheets to defense counsel for further calculation of FLSA prejudgment interest based upon the post-judgment methodology described in 28 U.S.C. § 1961(a) and using the rates linked to on the uscourts.gov website for the applicable time periods that overtime was payable." Joint Brief at 6. However, Defendants do not explain why they were unable to create their own Excel spreadsheet or otherwise calculate interest within the timeframe allowed by the Court, or why Plaintiff's spreadsheet would be helpful to them given that their rate is different from that proposed by Plaintiff. Additionally, Defendants do not offer any opposition to Plaintiff's argument that the interest rate for UCL restitution, as opposed to the federal post-judgment interest rate, should apply where the FLSA claim was brought under the UCL.

Based on Defendants' failure to comply with the Court's Order requiring a calculation of the exact amount of interest to be awarded and failure to address Plaintiff's position that he seeks FLSA restitution under the UCL so a state law interest rate applies, Defendants' position is rejected. However, Plaintiff has offered no authority for application of the California Labor Code's 10% interest rate to a FLSA claim brought under the UCL so this proposal is also denied. Instead, pre-judgment interest on the FLSA claim brought under the UCL shall be calculated by applying the California Constitution's 7% catch-all rate, as done by Judge Whyte in <u>Carrisoza</u> in the FDCPA context. The Court adopts the method proposed by Defendants, and reduces Plaintiff's original interest calculation of $1,429.93 by 30%, resulting in $1000.95 in interest due on the FLSA claim. <u>See</u> Joint Brief at 5. Defendants shall pay **$4,807.01 in overtime and $1000.95 in interest** on the FLSA claim.

In sum, Plaintiff is entitled to **$28,032.21** in damages based on Defendants' violations of state and federal law.

## II. Request for Leave to File Motion For Reconsideration

Plaintiff has also filed a motion for leave to file a motion for reconsideration of two of the Court's conclusions in its FFCL:[4] (1) refusal to award liquidated damages under the FLSA (FFCL 21-22); and (2) refusal to award waiting time penalties (FFCL 23-24). Plaintiff contends that both of these conclusions were in error because there was a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." L.R. 7-9(b)(3). However, Plaintiff does not point to any facts that were not considered or show that any dispositive legal argument was ignored, and instead takes issues with findings the Court made in its position as trier of fact after evaluating the evidence presented at trial. The motion for leave to file a motion for reconsideration essentially repeats Plaintiff's arguments made in previous papers and during trial that were rejected in the FFCL. The Local Rules are clear that: "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to sanctions."

Further, the Court did not fail to consider facts or argument relating to either of these issues. Regarding FLSA liquidated damages, the Court held:

> The FLSA also provides for liquidated damages in an amount equal to the unpaid wages. 29 U.S.C. § 216(b). However, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof . . ." 29 U.S.C. § 260. "Under 29 U.S.C. § 260, the employer has the burden of establishing subjective and objective good faith in its violation of the FLSA." Local 246 Utility Workers Union of America v. Southern California Edison Co., 83 F.3d 292, 297-298 (9th Cir. 1996). Thus, Defendants' burden is to establish that they had "an honest intention to ascertain and follow the dictates of the Act" and had "reasonable grounds for believing that [their] conduct complie[d] with the Act." Id. "If the employer fails to carry that burden, liquidated damages are mandatory." Id. If the employer succeeds in carrying the burden, the court may still award liquidated damages in its discretion. Id. at 298.

---

[4] The caption of the motion is "Motion for Reconsideration of Rulings." This is technically procedurally improper, because Local Rule 7-9(a) states that "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." However, the body of the motion specifies that it is a motion for leave to file a motion for reconsideration.

5

> Here, Defendants have met their burden. Mr. Magadish appeared sincerely concerned with the well-being of his employees and endeavored to treat them fairly. It appears to the Court that he was at least generally aware of the overtime requirements of the FLSA and believed that he was in compliance with those requirements. Further, his conduct was reasonable in that no employee, including Plaintiff, ever made a complaint about the failure to pay overtime and Mr. Magadish was not personally involved in determining the days or hours that Plaintiff worked. Therefore, Plaintiff is not entitled to liquidated damages for his FLSA claim.

FFCL at 21-22.

Plaintiff admits that the Court applied the correct legal standard regarding FLSA liquidated damages, but disagrees with the Court's conclusion that liquidated damages were unwarranted. During trial, the Court heard evidence and determined that it had the discretion to deny Plaintiff FLSA liquidated damages because Defendants met their burden of showing good faith and reasonable grounds for believing their acts complied with the law. Plaintiff's request for leave to file a motion for reconsideration does nothing more than express disagreement with this conclusion, which is not a proper basis for reconsideration.

Plaintiff also requests leave to file a motion for reconsideration of the Court's decision that no waiting time penalties are owed because there was a good faith dispute about whether wages were due. The FFLC provides that:

> California law requires the prompt payment of all wages due. "Wages" include pay for all hours worked, including overtime pay. See Cal. Labor Code § 200(a). If an employer fails to pay all wages due, California Labor Code § 203 requires payment of "waiting time penalties" to the affected employees. "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days . . . Cal. Labor Code § 203.
>
> The language of § 203, by use of the term "shall" regarding the payment of this penalty, is mandatory if the violation is willful. Pursuant to 8 Cal. Code. Reg. § 13520: "A willful failure to pay wages within the meaning of Labor Code Section 203 occurs when an employer intentionally fails to pay wages to an employee when those wages are due. However, a good faith dispute that any wages are due will preclude imposition of waiting time penalties under Section 203. A "'good faith dispute' that any wages are due occurs when an employer presents a defense, based in law or fact which, if successful, would preclude any recovery on the part of the employee. The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist. Defenses presented which, under all the circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith, will preclude a finding of a 'good faith dispute'" Id.
>
> Throughout this litigation and at trial, Defendants presented defenses based in both law and fact which could have precluded recovery and demonstrated the

6

> existence of a good faith dispute. There is no evidence that Defendants willfully withheld payment from Plaintiff, and instead the Court was persuaded by Mr. Magadish's testimony that he endeavored to treat employees fairly and pay them adequately for their services, even at the expense of his business. Moreover, Plaintiff did not bring his claims for unpaid overtime and other payments to Defendants' attention until well after his employment terminated. Therefore, Plaintiff is not entitled to any waiting time penalties under California Labor Code § 201.

FFCL at 24-25. Again, Plaintiff simply disagrees with the Court's interpretation of the evidence and conclusion that there was a good faith dispute, but does not point to any failure to consider facts or legal argument that were previously presented. Instead, the Court has previously considered and rejected Plaintiff's arguments.

For the foregoing reasons, Plaintiff's request for leave to file a motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: June 15, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge