**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN BONIFACIO ULIN,

    Plaintiff,

v.

LOVELL'S ANTIQUE GALLERY, et al.,

    Defendants.
_____/

No. C-09-03160 EDL

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ALTER JUDGMENT**

Following a bench trial in December, 2010, this Court issued Findings of Fact and Conclusions of Law and a Judgment awarding Plaintiff $28,032.21 in damages. The Judgment was for the following categories of damages:

- $9,870.98 in overtime, $3,731.65 in missed meal periods, $4,621.62 in interest, and $4,000 in inadequate pay statement penalties on Plaintiff's California state law claims; and
- $4,807.01 in overtime and $1000.95 in interest on Plaintiff's Fair Labor Standards Act ("FLSA") claim.

Defendants timely filed a Motion to Alter or Amend the Judgment pursuant to Federal Rules of Civil Procedure 59 and 60 on two grounds. First, Defendants contend that individual Defendant Magadish should only be personally liable for the FLSA portion of the judgment. Second, Defendants contend that the judgment should be reduced because Plaintiff should not recover

damages under both the California Labor Code and the FLSA. The Court GRANTS IN PART AND DENIES IN PART the motion.

First, the Judgment did not specify whether Mr. Magadish was individually liable for the entire amount of the judgment or only a portion thereof. Defendant's motion seeks clarification that Mr. Magadish is individually liable only for the FLSA portion of the judgment, or $5807.96, based on the Court's Order Granting in Part and Denying in Part Motion for Summary Judgment ("MSJ Order") and Findings of Fact and Conclusions of Law ("FFCL"). Plaintiff does not oppose this portion of the motion. This portion of the motion is granted, and the judgment shall be amended to specify that Mr. Magadish is personally liable only for the FLSA portion of the judgment. See MSJ Order at 25 (granting summary judgment as to California state law claims against Mr. Magadish); FFCL at 16-17 (finding that Mr. Magadish was Plaintiff's employer and thus personally liable for damages under the FLSA).

Second, Defendants contend that "there is no legal authority for Plaintiff to receive a windfall by receiving both California Labor Code overtime and prejudgment interest as well as FLSA overtime and prejudgment interest" and he is only entitled to the larger of the two amounts. Defendants have not met their burden of establishing that the judgment should be altered or amended on this basis. Under Rule 60(a), a "clerical mistake or a mistake arising from oversight or omission" may be corrected at any time before appeal. There has been no showing that this portion of the judgment was a clerical mistake or oversight. Other potentially applicable grounds include "mistake, inadvertence, surprise or excusable neglect" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b). However, Defendants have also not mentioned these grounds in their moving papers or explained how they might apply here. This portion of the motion is denied because Defendants have not met their burden of showing that a ground listed in Rule 60 has been met.

Further, this is the first time that Defendants have raised this issue, and throughout the case they have instead argued against both California state law and FLSA damages as separate concurrent issues, including in multiple rounds of briefing on damages. See Dkt. Nos. 127, 129. Defendants contrary position at this late stage, following trial and multiple rounds of briefing on damages, comes too late.

Finally, in support of this new position, Defendants rely entirely on 29 U.S.C. § 218(a). This section of the Fair Labor Standards Act ("FLSA") provides that "No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter . . . ." It has been generally interpreted to mean that the FLSA does not preempt state laws that provide employees with greater protections than those afforded by the FLSA. See, e.g., Campbell v., PricewaterhouseCoopers, 2008 WL 3836972, *8 (E.D. Cal. 2008) (quoting Pacific Merchant Shipping Ass'n v. Aubry, 918 F.2d 1409, 1418 (9th Cir. 1990) (internal citations omitted) ("'the FLSA does not preempt California from applying its own overtime laws.' By making violations of other laws independently actionable under the UCL, violations of the FLSA essentially become violations of California's own overtime laws as well."). It is unclear how this statute supports Defendants' position that Plaintiff's recovery should be reduced by the entire amount of his FLSA damages, and Defendants have cited no other authority for their position. See Valencia v. Del Rio West Pallet Co. Inc., 2009 WL 2407400, *1 (E.D. Cal. 2009) (FLSA claim not duplicative of state labor law claims because "the respective laws have different requirements and provide plaintiffs with different remedies for violations of the laws").

Plaintiff's motion is GRANTED IN PART AND DENIED IN PART.

**IT IS SO ORDERED.**

Dated: August 19, 2011

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge