IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUAN BONIFACIO ULIN,

    Plaintiff,

v.

ALAEA-72, INC. et al.,

    Defendants.

                              /

No. 09-3160-EDL

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

## Background

This was a wage and hour action brought by Plaintiff Juan Bonefacio Ulin against his former employer ALEA-72 Inc. dba Lovell's Antique Gallery and its owner/manager Abraham Magidish. Plaintiff brought claims for violation of state and federal overtime law; failure to provide meal periods or proper pay statements, failure to pay wages due and "waiting time" penalties under California law, and violation of California Business & Professions Code § 17200. The amount of damages sought was unclear from the complaint, but at the time of trial Plaintiff sought $101,017.94 for all of his claims based on his contention that he worked seven days a week, twelve hours a day, for most of his employment. Following a bench trial in December 2010, this Court issued Findings of Fact and Conclusions of Law and a Judgment awarding Plaintiff $28,032.21 in damages. The Judgment was for the following categories of damages:

- $9,870.98 in overtime, $3,731.65 in missed meal periods, $4,621.62 in interest, and $4,000 in inadequate pay statement penalties on Plaintiff's California state law claims; and

- $4,807.01 in overtime and $1,000.95 in interest on Plaintiff's Fair Labor Standards Act ("FLSA") claim.

Thereafter, the Court issued an Amended Judgment clarifying that individual defendant Mr. Magadish is liable only for the FLSA portion of the judgment, or $5807.96.

Plaintiff has moved for an award of $147,829 in attorneys fees[1] and $13,768.06 in costs. Plaintiff contends that, while high, these costs and fees are warranted because Defendants unreasonably refused to admit any liability for overtime, Defendants' litigation tactics required multiple discovery and other motions, and Plaintiff had to address novel issues of law relating to Plaintiff's presentation of false employment documents to his employer and the calculation of damages. Defendants counter that Plaintiff over-litigated the case and should not recover such high fees. For the reasons discussed below, Plaintiff's motion is granted in part, and Plaintiff is awarded $81,526.77 in fees and $13,768.06 in costs.

**Legal Standard**

Plaintiff is entitled to attorney's fees under the FLSA and California law. See 29 U.S.C. § 216(b) (court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); Cal. Lab. Code §§ 218 .5, 1194; see also Newhouse v. Robert's IlimaRE Tours, Inc., 708 F.2d 436, 441 (9th Cir.1983) ("The FLSA grants prevailing plaintiffs a reasonable attorney's fee."); Drumm v. Morningstar, Inc., 695 F. Supp. 2d 1014, 1018 (N.D. Cal. 2010) (noting that under California law, awarding attorney's fees is "mandatory" in unpaid wage claims).

Courts in the Ninth Circuit calculate an award of attorney's fees using the lodestar method, whereby the court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). A party seeking attorney's fees bears the burden of demonstrating that the rates requested are "in line with the prevailing market rate of the relevant community." Carson v. Billings Police Dep't, 470 F.3d 889, 891 (9th Cir. 2006). Generally, "the relevant community is the forum in which the district court sits." Camacho, 523 F.3d at 979 (citing Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir.1997)). Typically, "affidavits of the plaintiffs' attorney and other attorneys regarding

---

[1] Plaintiff's Motion initially sought $146,044, and he seeks an additional $1,785 for 4.25 hours of attorney time spent on the Reply at a rate of $420 per hour.

2

prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir.1990).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). Courts may consider: the time and labor required; the novelty and difficulty of the questions involved; the skill requisite to perform the legal service properly; whether the fee is fixed or contingent; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; and awards in similar cases. See Ballen v. City of Redmond, 466 F.3d 736, 746 (9th Cir.2006) (internal citations and quotations omitted). Of particular relevance here, the Court may consider the results obtained when considering whether to adjust a fee award upward or downward. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The Hensley Court stated:

> This [results obtained] factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

Hensley, 461 U.S. at 434-35. As to the second question, "a reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." Id. at 440.

"The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." Camacho, 523 F.3d at 980 (citing Gates v. Deukmejian, 987 F.2d 1392, 1397–98 (9th Cir.1992)).

**Analysis**

**1.    Reasonable Hourly Rate**

    **A.    Attorneys**

Plaintiff's counsel seeks compensation at rates based on the "Laffey matrix" used in the

3

District of Columbia. Plaintiff contends that, under this matrix: (1) all of attorney Adam Wang's work should be compensated at a rate of $420 per hour; and (2) all of attorney Adam Pederson's work should be compensated at a rate of $230 per hour. See Wang Decl. Ex. 5 (Laffey matrix for 2010-2011). The Laffey matrix has been used by other courts in this district in determining reasonable fee rates. See Rivera v. Rivera, 2011 WL 3667486 (N.D.Cal. Aug. 22, 2011) (awarding Adam Pederson $230 per hour in a default judgment wage and hour case based on Laffey matrix); Theme Promotions, Inc. v. News America Marketing FSI, Inc., 731 F.Supp.2d 937, 948 (N.D.Cal. 2010)(using Laffey matrix to calculate fees in complex antitrust case).

This Court does not necessarily endorse the use of the Laffey matrix as an appropriate measure of reasonable fees in this district, and the $420 rate is not necessarily warranted given the quality of the work performed. As the Ninth Circuit has explained:

> just because the Laffey matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away. It is questionable whether the matrix is a reliable measure of rates even in Alexandria, Virginia, just across the river from the nation's capital. Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 245 (4th Cir.2009); see also Grissom v. Mills Corp., 549 F.3d 313, 323 (4th Cir.2008) (noting that the plaintiff provided "no evidence" that the Laffey matrix was "a reliable indicator of the hourly rates of litigation attorneys in Reston, Virginia, a suburb of Washington, D.C."). We thus cannot fault the district court for declining to use the Laffey matrix.

Prison Legal News v. Schwarzenegger, 608 F.3d 446, 454 -455 (9th Cir. 2010). However, Defendants did not challenge the use of the Laffey matrix or the reasonableness of Plaintiff's attorneys' claimed rates in their opposition or during oral argument. Without any opposing evidence or argument presented by Defendants, the Court applies the Laffey matrix rates of $420 and $230 to attorneys Adam Wang and Adam Pederson, respectively.

### B. Support Staff

Plaintiff's motion initially sought compensation for clerical work performed by administrative assistants Jennifer Zheng (a scientist with no claimed legal experience who performed "various office administrative tasks") and Rosita Natush (a legal secretary awarded a Bolivian law license in 2007 who was responsible for "monitoring docket activities" and "calendaring the Court appearances, deadlines and appointments"). See Zheng Decl. ¶ 1-2; Natusch Decl. ¶ 1-2. However,

4

during oral argument Plaintiff agreed to waive his claim for compensation of these individuals' time. Plaintiff has subsequently filed a "Statement of Non-Paralegal Fees To Be Deducted From Fee Requests," agreeing that the time spent by these two individuals should be deducted from the amount sought. Therefore, $2,339 shall be deducted from the requested fee award.

**2. Number of Attorney Hours Reasonably Expended**

Despite a judgment of less than $30,000, Plaintiff' motion seeks $147,829 for 484.25 hours that two attorneys worked on the case (less time spent by support staff which he has subsequently agreed not to seek compensation for). See Wang Decl. Exs. 1-3. To arrive at this amount, Plaintiff states that he excluded $8,345 for duplicative work, non-productive hours, and attorney time spent on administrative tasks. Wang Decl. ¶¶ 4-8. Declarations from Mr. Wang and Mr. Pederson confirm that they kept contemporaneous time records and that Exhibit 2 to the Declaration of Adam Wang accurately reflects the hours they worked.

Defendants' opposition generally challenges the reasonableness of the time spent on the case, and notes that Defendants were able to litigate the case for one-fifth the amount that Plaintiff is claiming. Buchannan Decl. ¶ 2. Defendants correctly point out that Plaintiff's counsel was often ineffective and failed to follow basic procedural rules, which wasted time and thwarted the "just, speedy, and inexpensive" conduct of this case. See Fed. R. Civ. P. 1. Defendants have specifically identified examples of unreasonable charges. First, Defendants challenge an award of fees claimed to oppose the motion to amend the judgment when no hearing was held and Plaintiff did not actually oppose a large portion of the motion. See Opp. at n.1. The Court agrees that most of the amount of time spent on this "opposition" was unreasonable, and deducts $787.50 for 1.875 hours (75%) of the work done on the opposition on July 28, 2011. During oral argument, Defendants also pointed to time spent on Plaintiff's meritless motion to depose Defendants' former attorney, and the Court agrees that time spent on this motion was unreasonable. See Dkt. # 59, 74. The Court deducts an additional $2,626 for all of the attorney time spent on this motion (7.7 hours) between August 5 and August 9, 2010. Finally, Defendants point to Plaintiff's motion to re-open discovery to take the deposition of Pedro Hernandez. See Dkt. # 79. In granting in part and denying it in part the motion, the Court noted that Plaintiff never timely subpoenaed Mr. Hernandez prior to the initial discovery

5

cutoff and failed to pay required witness fees, which is what necessitated the motion in the first place. See Dkt. # 93. Since the motion was necessitated by Plaintiff's procedural failures, the Court deducts as unreasonable $2,714.50 for 10.15 hours of attorney time associated with this motion and the related issue of failure to pay witness fees between August 13 and September 7, 2010.

Additionally, the Court reduces the total remaining attorney time by 10% to account for billing by the quarter-hour, as opposed to by the tenth-of-an-hour. Quarter-hour billing has been held to be deficient "because it does not reasonably reflect the number of hours actually worked." See Lopez v. San Francisco Unified School Dist., 385 F.Supp.2d 981, 993 (N.D.Cal.2005) (quoting Zucker v. Occidental Petroleum Corp., 968 F.Supp. 1396, 1403 (C.D.Cal.1997)) (reducing all quarter-hour billing by 10%).

### 3. Adjustment of Lodestar Based on Other Factors

As discussed above, the Court may adjust the lodestar amount to account for other factors such as the time and labor required; the limited level of success compared to the hours spent; the novelty and difficulty of the questions involved; the skill requisite to perform the legal service properly; whether the fee is fixed or contingent; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; and awards in similar cases. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Ballen v. City of Redmond, 466 F.3d 736, 746 (9th Cir. 2006). Defendants argue that Plaintiff's award should be reduced in light of these factors, especially the modest result obtained. Plaintiff responds that there is no "rule of proportionality" mandating reduction of fees based on a small damage award. See City of Riverside v. Rivera, 477 U.S. 561, 581 (1986) (no rule that attorneys fees must be proportional to recovery in civil rights cases).

Though there is no rule of proportionality, considerations including the amount involved and the results obtained in this action, as well as the performance and reputation of Plaintiff's lead attorney, warrant a further reduction of fees. First, Plaintiff's initial contention that he worked twelve hours a day seven days a week was demonstrably false, and not even he stuck to this story during trial. Therefore, Plaintiff's claim that he was entitled to approximately $100,000 was highly overblown from the beginning, as his counsel should have known. It was unreasonable for counsel to incur approximately $150,000 in fees on a simple individual wage and hour case in which

6

Plaintiff claimed only $100,000, especially given that his claim was significantly inflated and ultimately reduced to an award of approximately $30,000 based on the evidence at trial. Second, Plaintiff's counsel routinely failed to follow basic procedural and other rules which unnecessarily multiplied the proceedings. Based on these considerations, the Court reduces the lodestar amount, after eliminating fees on hours unreasonably spent as discussed above, by an additional 35%.

Based on the foregoing, Plaintiff is awarded $81,526.77 in attorneys fees.

**4. Costs**

Plaintiff seeks $13,768.06 in costs and has attached a detailed statement of costs as well as various invoices and receipts. Defendants have not challenged any item of costs, and the costs sought appear to have been reasonably incurred. Therefore this portion of the motion is granted in full.

**IT IS SO ORDERED.**

Dated: October 19, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge

7